An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ROGER, DISTRICT
ATTORNEY, CLARK COUNTY,
NEVADA,
Appellant,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; CLARK COUNTY JUSTICE
COURTS, LAS VEGAS TOWNSHIP;
CATHERINE CORTEZ MASTO,
ATTORNEY GENERAL, STATE OF
NEVADA; AND THE STATE OF
NEVADA,
Respondents.

No. 58114

**FILED**

APR 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a complaint for declaratory relief. Eighth Judicial District Court, Clark County; Robert E. Estes, Judge.

In 2011, the Clark County District Attorney filed a complaint for declaratory relief against the Eighth Judicial District Court, seeking a determination as to the validity of EDCR 1.48.[1] Specifically, the District Attorney challenged EDCR 1.48's practice of allowing justices of the peace to accept pleas in felony matters as conflicting with NRS 4.370(3), which

---

[1]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

13-12152

restricts the jurisdiction of justice courts to misdemeanor matters only. The district court denied the district attorney's complaint, concluding that justices of the peace who serve as masters are not acting as officers of the justice court when they accept felony pleas and that, as such, EDCR 1.48 does not conflict with NRS 4.370(3). This appeal followed.

On appeal, the District Attorney again contends that EDCR 1.48 conflicts with NRS 4.370(3) by permitting justices of the peace to accept pleas in felony criminal cases.

Pursuant to State v. Frederick, 129 Nev. ___, ___ P.3d ___ (Adv. Op. No. 27, April 25, 2013), we conclude that justices of the peace duly appointed to serve as district court masters may take felony pleas as district court masters without conflicting with NRS 4.370(3) or otherwise violating provisions of the Nevada Constitution. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[2]We submit this appeal for decision without oral argument. NRAP 34(f)(1).

cc: Chief Judge, The Eighth Judicial District Court
Robert E. Estes, Senior Judge
Clark County District Attorney
Attorney General/Carson City
Clark County Public Defender
Eighth District Court Clerk

HARDESTY, J., with whom PICKERING, C.J., and CHERRY, J., agrees, concurring in part and dissenting in part:

The Nevada Constitution gives the Legislature exclusive authority to define the jurisdiction of our justice courts. Nev. Const. art. 6, § 8 ("The Legislature shall determine the number of Justices of the Peace to be elected in each city and township of the State, and shall fix by law . . . the limits of their civil and criminal jurisdiction . . . ."). See also Salaiscooper v. Dist. Ct., 117 Nev. 892, 899, 34 P.3d 509, 514 (2001) ("[T]he jurisdictional boundaries of Nevada's justice courts are defined by the [L]egislature."). NRS 4.370(3) limits the criminal jurisdiction of the justice courts to misdemeanors, "except as otherwise provided by specific statute." Going further, NRS 171.196(1) states, in mandatory terms, "[i]f an offense is not triable in the Justice Court, the defendant must not be called upon to plead." (Emphasis added.) Together, the Constitution and statutes deny justices of the peace authority to accept felony pleas.

The issue in this case is clear. Can the judicial branch, pursuant to local district court rule, give a Nevada justice of the peace authority over felony guilty pleas, when the Legislature has expressly denied that authority?

NRS 3.245 empowers the district court to appoint masters to hear plea negotiations in felony and gross misdemeanor cases. However, NRS 3.245 does not, by its terms, override the general and express prohibitions in NRS 4.370 and NRS 171.196(1), respectively. Indeed, nothing in the legislative history of NRS 3.245 suggests or even implies anything to the contrary.

In the absence of any "specific" statutory provision to expand the authority of a justice of the peace to accept felony pleas, the majority

turns to EDCR 1.48, which permits qualified judges to serve as masters and claims that the local rule does not unconstitutionally expand the jurisdiction of the justices of the peace. I disagree.

Through EDCR 1.48, the district court allows a justice of the peace, by virtue of his or her status as a justice of the peace, to perform the duties granted to masters under NRS 3.245. In doing so, the court rule grants justices of the peace jurisdiction in felony cases that the Legislature has expressly denied them. To this extent, EDCR 1.48 expands the justice of the peace's jurisdiction, and it is unconstitutional. As this court recently held in Hernandez v. Bennett-Haron, only the Legislature can expand the jurisdiction of the justices of the peace. 128 Nev. ___, ___, 287 P.3d 305, 316 (2012) (holding that "by providing for the participation of justices of the peace in Clark County's inquest proceedings[,] . . . the Clark County Board of County Commissioners has unconstitutionally impinged on the Legislature's constitutionally delegated authority"); see also Nev. Const. art. 6, § 8 ("The Legislature shall determine . . . the limits of [a justice of the peace's] civil and criminal jurisdiction . . . ."). As such, I conclude that the district courts cannot expand the jurisdiction of the justices of the peace through a local rule such as EDCR 1.48. To hold otherwise vitiates our holding in Hernandez.

I take no issue with the Legislature's decision to delegate to district courts the authority to designate district court hearing masters. I also recognize the efficiency to be achieved by expanding the authority of the justices of the peace to take felony-related pleas. However, the Constitution vests the authority to make this decision in the Legislature, not the courts.

Accordingly, I must dissent.

_____, J.
Hardesty

We concur:

_____, C.J.
Pickering

_____, J.
Cherry